The Honorable Cliff Hoofman State Senator P.O. Box 1038 Little Rock, AR 72115
Dear Senator Hoofman:
This is in response to your request for an opinion regarding the requirements necessary for the community of North Little Rock to rename itself "Argenta." You have also asked the following question involving requirements in connection with the formation of a new county (the County of Argenta):
 Could Pulaski County be divided along the line of the Arkansas River and if so, what is required to so divide a county?
With regard to your first question, it must be initially noted that our research fails to yield any Arkansas case law or legislative enactments directed specifically toward a municipal corporation's authority to change its name. It is my opinion, however, that a municipality's authority in this regard may be successfully premised upon a theory of implied powers.
It has been stated as a general proposition that municipal corporations are endowed with the incidental qualities of corporations generally, such as a corporate name, the capacity to sue and be sued, perpetual succession, and a common seal. 62 C.J.S. Municipal Corporations 34 (1949); see also A.C.A.14-52-101(7) (cities are declared to be corporate bodies and may "[e]xercise such other powers and have such other privileges as are incident to other corporations of like character or degree. . . .").
It is therefore significant to note the specific grant of authority to private corporations with regard to a name change. Arkansas Code of 1987 Annotated 4-26-301 states in pertinent part under subsection (b)(1) that a corporation may amend its articles of incorporation ". . . from time to time, so as to [c]hange its corporate name."
The right of a city to rename itself may also inherent in its authority to amend its charter. A.C.A. 14-42-304. It has been stated in this regard that a statute conferring the general power to alter or amend a charter includes the power to alter the corporate name. 18 C.J.S. Corporations 171 (1939).
With regard to the requisite procedure, while there appears to be no authority directly on point, it is my opinion that a name change should proceed in accordance with a charter amendment. Section 14-42-304(a) requires proposal of the amendment by a two-thirds (2/3) vote of the city's governing body or by petition of ten percent (10%) of the qualified electors at a regular or special election. A.C.A. 14-42-304(b). The proposed amendment must be published at least one time in a newspaper with general circulation throughout the city.
While the foregoing procedures may reasonably be cited as applicable in the context of a name change, prudence also dictates that the new name be approved by the county court. The county court's approval of a proposed name is a prerequisite to the city's initial incorporation. Section 14-38-104(a) requires the county court's finding that ". . . the name proposed for the city or incorporated town is proper and sufficient to distinguish it from others of like kind in the state." Adherence to this requirement is, in my opinion, prudent in the absence of specific authority to the contrary.
It must be concluded in response to your second question that Pulaski County cannot lawfully be divided along the line of the Arkansas River. This conclusion is compelled by Article 13, Section 4 of the Arkansas Constitution which states:
 In the formation of new counties no line thereof shall run within ten miles of the county seat of the county proposed to be divided, except the county seat of Lafayette County.
See also A.C.A. 14-14-201(d).
A division, in this instance, along the line of the Arkansas River would yield a "line . . . within ten miles of the county seat of the county proposed to be divided." Such a division is clearly prohibited.
With regard to the power to change county boundaries generally, please note that I have enclosed a copy of the relevant legislation contained in A.C.A. 14-14-201, et seq.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Attachments: A.C.A. 14-14-201, 203, 204, 205 and 206